### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A. and PDV HOLDING, INC. <br><br> Defendants. | Civil Action No. 15-1082-LPS |

### MEMORANDUM ORDER

At Wilmington this **27th** day of **December, 2016**:

Pending before the Court is defendant PDV Holding, Inc.'s ("PDVH") request for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (D.I. 41) For the reasons given below, **IT IS HEREBY ORDERED** that PDVH's motion (D.I. 41) is **GRANTED**.

1.  Plaintiff Crystallex International Corporation ("Crystallex") filed its Complaint on November 23, 2015. (D.I. 1) Crystallex alleges that defendant Petróleos de Venezuela, S.A. ("PDVSA") is an *alter ego* of the Bolivarian Republic of Venezuela ("Venezuela"). The Complaint accuses PDVSA of carrying out a scheme to monetize and repratriate Venezuelan interests that had been held in the United States in order to evade potential arbitration creditors. Crystallex seeks relief under Delaware's Uniform Fraudulent Transfer Act, 6 *Del. C.* § 1301 *et seq.* ("DUFTA"). (*See generally* D.I. 1) In its Complaint, Crystallex also names as defendants PDV Holdings, Inc. ("PDVH"), a Delaware corporation which is a wholly-owned direct

1

subsidiary of PDVSA, and CITGO Holdings, Inc. ("CITGO"), another Delaware corporation, which is a wholly-owned direct subsidiary of PDVH as well as a wholly-owned indirect subsidiary of PDVSA. (*See id.* at ¶¶ 12-13)

2. On February 3, 2016, PDVH and CITGO (together the "CITGO Defendants") moved to dismiss the Complaint. (D.I. 8) The CITGO Defendants contended that the Complaint fails to state a DUFTA claim on which relief may be granted and, even if that were not the case, that Crystallex's DUFTA claim would be barred by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* ("FSIA"). (*See, e.g.,* D.I. 9, 15)

3. On September 30, 2016, the Court issued a Memorandum Opinion and Order on the CITGO Defendants' motion to dismiss. (D.I. 34, 35) The Court held that the Complaint adequately states a DUFTA claim as to PDVH and, further, that PDVH failed to show that the FSIA bars the action in its entirety. (*See* D.I. 34 at 12, 18) With respect to CITGO, the Court granted the motion to dismiss. (*See id.* at 20)

4. On October 28, 2016, PDVH filed a notice of appeal with respect to the Court's FSIA holding. (*See* D.I. 40) In its appeal, PDVH cites *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), and contends that the Court's FSIA holding is immediately appealable under the collateral order doctrine, without regard to whether the Court also certifies the issue under § 1292(b).

5. Also on October 28, 2016, PDVH filed a motion in this Court requesting that the Court certify the FSIA issue, as well as its DUFTA holding, for interlocutory review pursuant to 28 U.S.C. § 1292(b). (D.I. 41) After the parties completed briefing (D.I. 42, 47, 52), the Court heard oral argument on December 20, 2016.

6.　　Under § 1292(b), this Court has discretion to certify orders for interlocutory review where "exceptional circumstances" merit a departure from the final judgment rule. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation marks omitted). An order that (i) addresses a "controlling question of law" as to which there is (ii) "substantial ground for difference of opinion" may be certified under the statute if (iii) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754–55 (3d Cir.1974). Here, all three of these criteria are satisfied with respect to both the FSIA and DUFTA issues; "exceptional circumstances" are also present which further persuade the Court to exercise its discretion to certify both issues for an interlocutory appeal.

7.　　*Controlling Issue of Law.* A controlling question of law "must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Id.* at 755. The Court's FSIA and DUFTA holdings each involved resolution of complex questions of statutory interpretation (e.g., whether the FSIA's restrictions on prejudgment attachments apply to fraudulent transfer claims seeking a final judgment on the merits and whether the Complaint alleges a transfer "by" a debtor). The Court's conclusions regarding these purely legal issues were dispositive and would require dismissal of the action if reversed on appeal.

8.　　*Substantial Ground for Difference of Opinion.* Crystallex's creative and apparently unprecedented fraudulent transfer theory required the Court to resolve novel questions of law. In doing so, the Court had to choose between two sets of strong, well-supported, and persuasive arguments. There are substantial grounds for a difference of opinion, notwithstanding the novelty of the issues. The Court disagrees with Crystallex's suggestion that this criterion for

§ 1292(b) certification cannot be satisfied where there are no conflicting decisions issues by courts previously grappling with the issue. (*See* D.I. 47 at 10-11) Even if Crystallex is correct that § 1292(b) "was not intended as a vehicle to provide early review of difficult rulings in hard cases," (*Id.* at 9-10 (quoting *Transp. Workers Union of Am., Local 100, AFL-CIO v. N.Y. City Transit Auth.*, 358 F. Supp. 2d 347, 354 (S.D.N.Y. 2005)), here the Court's decision to certify is not based solely on the difficulty of the rulings, but on the totality of pertinent factors. At bottom, there are substantial grounds for difference of opinion with respect to this Court's resolution of both the FSIA and DUFTA issues.

9. *Material Advancement of the Ultimate Termination of the Litigation.* Crystallex contends that certification "will not materially advance the termination of this litigation," and will "only result in substantial delay to Crystallex's detriment." (D.I. 47 at 12) But that is only even possibly true if Crystallex prevails on appeal. Additionally, the "delay" Crystallex fears is not an automatic consequence of the Court's ruling, since it is not clear that discovery will be stayed during the pendency of the appeal (an issue which is not presently before the Court) while it *is* clear that Crystallex does not have a judgment in the United States at this time. Moreover, the statute requires only the ***possibility*** that interlocutory review would materially advance the litigation. *See* 28 U.S.C. § 1292(b) (providing that district judge should consider whether "immediate appeal *may* materially advance" the litigation) (emphasis added). If the Third Circuit agrees with PDVH and reverses one or both of this Court's holdings, this case would be terminated upon remand. Additionally, because there are now several related cases in which one or both of the identical issues are also presented (*see* C.A. Nos. 16-904-LPS, 16-1007-LPS), those related matters may likewise be "materially advanced" by an interlocutory appeal.

10. *Exceptional Circumstances.* In addition to all three of the foregoing factors supporting certification, several "exceptional circumstances" are present, each of which confirms the appropriateness of certification. *See Chase Bank USA, N.A. v. Hess*, 2011 WL 4459604, at *2 (D. Del. Sept. 26, 2011). First, an interlocutory appeal is already pending in this case, meaning that this case already (and indisputably) involves a departure from the final judgment rule. In light of this reality, the choice this Court confronts is an interlocutory appeal directed to just one of the two dispositive issues on which this Court has already ruled or an interlocutory appeal directed to both. The latter option seems more efficient. Second, international comity is implicated by this case and specifically by the issues this Court has already decided. One need not accept the full scope of PDVH's foreboding prediction – that "the Court's opinion could do real harm to the sovereignty interests that the FSIA is designed to protect" (D.I. 42 at 9) – in order to recognize there is at least some risk of unintended international consequences, which sets this case apart from the vast majority of others. Relatedly, PDVH insists that the Court's opinion may unwarrantedly "chill[] the transfer of foreign-owned assets." (D.I. 42 at 8-9) ("If the Court's ruling is not immediately appealed, banks or other entities currently holding foreign-owned assets will hesitate before transferring those assets for fear of incurring potentially massive liability under a state fraudulent transfer statute.") Even if PDVH's fear is mostly unfounded, an interlocutory appeal holds the promise of eliminating any risk of such an unintended consequence and doing so relatively quickly. Finally, enormous sums of money are at stake in this case. The case is based on transfer of $2.8 billion of assets and Crystallex is holding an arbitration award worth in excess of $1.3 billion. (*See generally* D.I. 18; *see also Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 16-661-RC (D.D.C.) D.I. 1)

5

11. The Court therefore certifies the following questions for interlocutory review:[1]

   (a) Whether the FSIA attachment immunity provisions, 28 U.S.C. §§ 1609-1611, preempt state fraudulent transfer laws to the extent that they effectively restrain immunized property of a foreign sovereign debtor or impose liability on non-debtor transferors for prejudgment transfers of immunized property.

   (b) Whether the phrase "by a debtor" in DUFTA, 6 Del. C. § 1304(a)(1), applies to "non-debtor transferors" deemed to be acting on the debtor's behalf, absent allegations of alter ego or piercing the corporate veil.

12. The Court's September 30, 2016 Order (D.I. 35) is **AMENDED**[2] to incorporate the Court's analysis and conclusions above.

13. **IT IS FURTHER ORDERED** that the parties shall meet and confer and submit, no later than **January 4, 2017**, a joint status report with their proposal(s) for whether and how discovery should proceed in this matter during the pendency of PDVH's appeal.

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] The questions as stated are those proposed by PDVH. (*See* D.I. 42 at 5, 9) Crystallex did not offer a counterproposal or specific criticisms of PDVH's stated questions. The Court is aware that regardless of whether and how particular questions are stated by this Court, the September 30 Order may be reviewed in its entirety by the Court of Appeals. *See Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363, 366 (3d Cir. 1999).

[2] Section 1292(b) provides that the grounds for certification of an "order not otherwise appealable . . . shall . . . [be] state[d] in writing in such order."