

Jeffrey L. Moyer
302-651-7525
Moyer@rlf.com

March 27, 2017

**VIA E-FILE AND HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE  19801

>  Re:  *Crystallex International Corp. v. PDV Holding, Inc.*;
>  C.A. No. 16-1007-LPS; No. 15-1082-LPS

Dear Chief Judge Stark:

      We write on behalf of Plaintiff to bring a matter to Your Honor's attention relating to the above-captioned actions.  At the oral argument on December 20, 2016, Your Honor inquired about the timing of the motion to confirm Crystallex's arbitral award then pending in the United States District Court for the District of Columbia in connection with Defendant PDVH's motion to stay all discovery in this action.  Two days ago, on March 25, 2017, the District of Columbia court granted Crystallex's petition to confirm its $1.2 billion ICSID arbitral award (plus interest from April 2008) issued to Crystallex in April 2016 as a result of a series of actions by the Venezuelan government that deprived Crystallex the benefit of its investment in Venezuela in 2002.  *See* attached Memorandum Opinion dated March 25, 2017.  In so doing, the court also denied Venezuela's motion to vacate the arbitral award "[b]ecause none of Venezuela's arguments suffice[d] to vacate or modify the award under the New York Convention." *See id.* at 1-2.

      As the Court is aware, even before the arbitral award was issued, PDVSA, as the alter ego of Venezuela, caused PDVH to transfer $2.8 billion out of the country for no consideration and wearing numerous badges of fraud. *See* Memorandum Opinion dated September 30, 2016 (D.I. 34, 35).[1]  Then, after the Court denied PDVH's motion to dismiss this action and noted that the Court has the power to restrain PDVH's transfer of additional assets, PDVH put a lien on 50.1 percent of its shares in Citgo Holding and received no consideration in return.  In order to complete its efforts to undermine this Court's ability to give effective relief, PDVH subsequently gave a lien on its remaining shares of CITGO Holding to Rosneft (a Russian state controlled oil company), again receiving nothing in exchange.  Although the transfer of the lien to Rosneft occurred prior to the December 20, 2016 hearing, PDVH did not reveal the existence of Rosneft's lien even in response to direct questioning by Your Honor about maintaining the status quo.  *See* D.I. 57, Tr. 80:20-81:16.

---

[1] D.I. citations are to C.A. No. 15-1082-LPS.

March 27, 2017
Page 2

      As Your Honor is no doubt aware, PDVH has asked this Court to consolidate Crystallex I and Crystallex II and stay further proceedings until the Third Circuit has issued its decision on PDVH's interlocutory appeals of this Court's denial of the motion to dismiss.  While Crystallex agreed that consolidation of the actions would lead to increased efficiencies in discovery and other pre-trial proceedings, Crystallex strongly objected to any further delay of these proceedings, particularly in light of Defendants' demonstrated willingness to hinder and delay creditors.

      Given that the D.C. District Court has entered judgment in an amount in excess of $1.2 billion and PDVH's demonstrated attempts to render any judgment ineffectual, Crystallex respectfully requests that this Court lift the stay of discovery as soon as the Court's schedule permits.  Defendants were intent upon doing everything possible to avoid payment to creditors prior to entry of this judgment, and it is likely that Defendants will accelerate these efforts now that the award has been confirmed.

      As a final matter, we note that while the FSIA requires Crystallex to wait "a reasonable period of time" before executing on the judgment, 28 U.S.C. § 1610(c), Crystallex anticipates having to pursue such remedies sooner rather than later given Defendants' past practices, and indeed express admissions that they have no interest in paying their creditors like Crystallex.

      Respectfully,

      */s/ Jeffrey L. Moyer*

      Jeffrey L. Moyer (#3309)
      moyer@rlf.com

JLM/sm

cc:  All Counsel of Record