# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Kenneth J. Nachbar
302 351 9294
302 425 3013 Fax
knachbar@mnat.com

March 28, 2017

### *VIA E-FILE AND HAND DELIVERY*

The Honorable Leonard P. Stark
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:    *Crystallex International Corp. v. PDV Holding, Inc.*
              C.A. No. 16-1007-LPS: No. 15-1082-LPS

Dear Chief Judge Stark:

    I write in response to Crystallex's March 27, 2017 letter (D.I. 61). The March 25, 2017 Order of the U.S. District Court for the District of Columbia ("Order") in the international arbitration between Crystallex and the Republic of Venezuela ("Venezuela") may affect Crystallex's position with respect to its claims against Venezuela, but it has no bearing on whether discovery should take place against PDV Holding, Inc. ("PDVH") in this matter pending the outcome of the Third Circuit appeal. There are many reasons why initiating discovery now is not warranted and does not comport with judicial economy.

    As previously noted, large portions of the discovery that would be sought are impermissible, as PDVH's collateral appeal on Foreign Sovereign Immunity Act ("FSIA") attachment immunity divested this Court of jurisdiction on those issues. Nor is there any reason why all discovery should not proceed in an orderly fashion after PDVSA's status in the case is determined, rather than piecemeal against different defendants. Also, should the Third Circuit reverse either of this Court's rulings,[1] all discovery conducted in this matter would be moot, making the entire endeavor inefficient. *See generally* D.I. 56 (Jan. 4, 2017 Joint Status Report). These facts have not changed. Preservation notices for documents related to the transfers at issue are still in place, ensuring that relevant documents will be maintained. Moreover, the Third Circuit has set a briefing schedule according to which the appeal will be fully briefed by June 15, 2017, so the stay is not indefinite.

---

[1]    PDVH notes that the Order does not change the facts that there was no such judgment affirming Plaintiff's arbitration award at the time of the alleged transfer or at the time of the complaint, meaning PDVH's FSIA arguments before the Third Circuit remain unchanged.

Hon. Leonard P. Stark
March 28, 2017
Page 2

    Crystallex's repeated refrain that Mr. Eimer misled the Court at the December 20, 2016 hearing, by not discussing PDVH's pledge of 49.9% of its shares in CITGO Holding to secure an obligation of a subsidiary of PDVSA Petroleo, S.A., is belied by the transcript. As counsel for Crystallex is well aware, when the Court asked if there would be future transfers of assets by PDVH, Mr. Eimer responded that was something he had not conferred on or had control over, but that, because of the FSIA, was in any event something the Court could not enjoin. Dec. 20, 2016 Oral Arg. Tr. at 80-81. That he admitted that transactions might occur certainly does not suggest that past transactions had not occurred and is entirely consistent with PDVH's position that transactions, both past and future, were and are possible and permissible.

    Crystallex's suggestion that PDVH is attempting to dissipate its assets to avoid paying its own creditors is unsupported by any evidence and is immaterial, given that Crystallex is not a creditor of PDVH and would not be even if its DUFTA claim against PDVH as a "non-debtor transferor" based on obligations owed by Venezuela goes forward. Crystallex is free to pursue whatever remedies are available to it against Venezuela, in whatever timeframe is allowable, but the Order does not give Crystallex any different rights against PDVH or any new arguments regarding the initiation of discovery against PDVH in this action.

                                             Sincerely,

                                             /s/ *Kenneth J. Nachbar*

                                           Kenneth J. Nachbar (#2067)

cc:       All Counsel of Record