**ABRAMS & BAYLISS LLP**
20 MONTCHANIN ROAD, SUITE 200
WILMINGTON, DE 19807
MAIN: 302-778-1000
FAX: 302-778-1001

JOHN M. SEAMAN

DIRECT DIAL NUMBER
302-778-1152
SEAMAN@ABRAMSBAYLISS.COM

June 21, 2017

**By CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801

Re:   Case No. 1:16-cv-1007, *Crystallex International Corp. v. PDV Holdings, Inc. et al.* ("*Crystallex II*")

Dear Chief Judge Stark:

      I write on behalf of defendant Rosneft Trading, S.A. ("RTSA") to oppose the June 7 motion for leave to amend filed by Plaintiff in the above-captioned lawsuit [D.I. No. 41] (the "Motion"). RTSA joins in the arguments raised by defendants Petróleos de Venezuela S.A. ("PDVSA") and PDV Holding, Inc. ("PDVH") in their respective, contemporaneously-filed letter briefs in opposition to the Motion.

      Further, Plaintiff's proposed amendment is futile. Nothing in the putative amended complaint alters the fact that Plaintiff's claims are contrary to Delaware fraudulent transfer law and centuries of fraudulent transfer jurisprudence, which require that the transfer be made by a debtor and of a debtor's property. In this matter, neither requirement is met. Plaintiff seeks to avoid a lien held by RTSA on shares of CITGO Holding owned by PDVH, which owes Plaintiff nothing, and for which Plaintiff itself alleges that RTSA received in exchange for providing $1.5 billion to the Plaintiff's debtor, PDVSA. *See* Second Am. Compl. ¶¶ 21–24, 119 [D.I. No. 41-1]. Fraudulent transfer laws are designed to remedy precisely the opposite situation: transfers that result in a creditor's debtor depleting its assets by transferring them away. *See, e.g.*, *Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000) ("The purpose of fraudulent conveyance law is to make available to creditors those assets of the debtor that are rightfully a part of the bankruptcy estate, even if they have been transferred away."); *In re Murphy*, 331 B.R. 107, 124 (Bankr. S.D.N.Y. 2005) (citing *Buncher*, 229 F.3d at 250) ("The purpose of fraudulent conveyance law, whether state or federal, and of Section 548 is to prevent harm to creditors by a transfer of property from the debtor."). Moreover, Plaintiff's claims against RTSA in this case are wholly dependent on Plaintiff's legally nonviable claims in *Crystallex I*. *See, e.g.*, Second Am. Compl ¶¶ 66, 152.

The Honorable Leonard P. Stark
June 21, 2017
Page 2

      That said, given the nature of the relief sought in the pending Motion and the Court's streamlined procedure for considering motions to amend, RTSA will defer full development of its arguments respecting the defects in the putative amended complaint until the Court decides the motion for leave to amend. Additionally, and as noted in RTSA's position statement in the joint status report [D.I. No. 24], resolution of various case-dispositive issues that bear on the validity of Plaintiff's claims against RTSA, including whether a fraudulent transfer can be predicated on a transfer by a "non-debtor," will be impacted by the Third Circuit's decision in *Crystallex International Corp. v. Petroleos de Venezuela S.A.*, Nos. 16-4012, 17-1439. Accordingly, regardless of whether the Motion is granted, RTSA intends to request that the Court stay this case (or, at a minimum, stay all claims as to RTSA) pending a decision from the Third Circuit in the *Crystallex* appeal.

      Respectfully submitted,

      */s/ John M. Seaman*

      John M. Seaman (I.D. No. 3868)

cc:    Counsel of Record (by CM/ECF)