

Travis S. Hunter
302-651-7564
hunter@rlf.com

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the
 District of Delaware
844 North King Street
Wilmington, Delaware 19801

> Re:  *Crystallex International Corp. v. Petróleos de Venezuela, S.A. et al.*, No. 15-1082-LPS ("*Crystallex I*"); *Crystallex International Corp. v. PDV Holding, Inc., et al.*, No. 16-1007-LPS ("*Crystallex II*")

Dear Chief Judge Stark:

I write with the consent of all parties in accordance with the Court's order of May 26, 2020 requiring the parties submit a joint status report in *Crystallex International Corp. v. Petróleos de Venezuela, S.A., et al.*, C.A. No. 15-1082-LPS ("*Crystallex I*") and *Crystallex International Corp. v. PDV Holding, Inc., et al.*, C.A. No. 16-1007-LPS ("*Crystallex II*") (the "*Related Cases*").  *Crystallex I* D.I. 124, *Crystallex II* D.I. 77.  The parties in the *Related Cases* have conferred and set forth below a brief status report, followed by their respective positions on next steps in these actions.

**Crystallex's Position:**

On November 30, 2018, the Court stayed the *Related Cases* until the Court lifts the stay in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-00151-LPS ("*Crystallex Asset Proceeding*"), or until the Court "enters some other order lifting the stay in one or more of the *Related Cases*."  *Crystallex I* D.I. 114, *Crystallex II* D.I. 68.  On December 12, 2019, this Court issued an order extending the stay "until completion of the Supreme Court proceedings in the *Crystallex Asset Proceeding* or further order of this or any other Court lifting the stay."  *Crystallex I* D.I. 120, *Crystallex II* D.I. 75.

On May 18, 2020, the United States Supreme Court denied the petition for certiorari filed by Venezuela and PDVSA seeking review of the Third Circuit's July 29, 2019 decision affirming this Court's August 9, 2018 order granting the Writ of Attachment *Fieri Facias*.  On May 22, 2020, this Court issued an order confirming the lifting of the stay in the *Crystallex Asset Proceeding* and setting a schedule for Crystallex's motion to determine the process for the sale of PDVSA's shares in PDVH to satisfy Crystallex's judgment and Venezuela's and PDVSA's motion to quash the writ of attachment or to modify or amend the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  *Crystallex Asset Proceeding* D.I. 174.

As this Court has previously recognized, the continued prosecution of these actions may be rendered unnecessary if Crystallex prevails in enforcing its judgment through the *Crystallex Asset Proceeding*.  *E.g.*, *Crystallex I* D.I. 120 at 12, *Crystallex II* D.I. 75 at 12 (noting that this Court "does not see any need to evaluate the futility of any proposed amendment at this time, particularly as *Crystallex I* and

The Honorable Leonard P. Stark
June 1, 2020
Page 2

*Crystallex II* may become moot depending on what occurs in the Crystallex Asset Proceeding"); *Crystallex I*, D.I. 109; *Crystallex II*, D.I. 62.  While Crystallex remains prepared to amend its complaint in *Crystallex I* in accordance with the Third Circuit's guidance and to continue to prosecute *Crystallex II* at the appropriate time, those efforts may be unnecessary if, as hoped and expected, Crystallex's judgment is satisfied through the sale of shares of PDVH that have been attached as a result of the *Crystallex Asset Proceeding*.  In the interest of judicial economy, Crystallex respectfully submits that the Court should continue to stay *Crystallex I* and *Crystallex II* pending resolution of the *Crystallex Asset Proceeding*.

**PDVSA's Position:**

Without prejudice to any of its rights or defenses, PDVSA agrees with Crystallex that the Court should continue to stay *Crystallex I* and *Crystallex II* pending resolution of the *Crystallex Asset Proceeding*.

**PDV Holding, Inc.'s Position:**

Without waiving any rights, PDV Holding, Inc. agrees with Crystallex that *Crystallex I* and *II* should remain stayed pending final resolution of the *Crystallex Asset Proceeding*.

**RTSA's Position:**

Nothing in the Third Circuit's opinion in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126 (3d Cir. 2019) (the "Crystallex Attachment Appeal"), changes RTSA's position regarding the disposition of this matter.  As RTSA explained in the Joint Status Report filed on October 18, 2019 (D.I. 69 at 3–4), and reiterated at the November 13, 2019 status conference (D.I. 73 at 47:18–48:2), the Third Circuit's January 2018 decision reversing this Court's order denying PDVH's motion to dismiss in *Crystallex I* (the "Crystallex DUFTA Appeal") warrants immediate dismissal of this case with prejudice as to RTSA as well as immediate dismissal of *Crystallex I*.  The Third Circuit held in the Crystallex DUFTA Appeal that Crystallex's "non-debtor transferor" theory of liability under DUFTA fails as a matter of law, and RTSA respectfully maintains that this legal deficiency cannot be cured by amendment.  The law of the Crystallex DUFTA Appeal is clear—a transfer is actionable under DUFTA only if it is made by the debtor itself—and the Third Circuit's conclusion in the Crystallex Attachment Appeal that PDVSA is the alter ego of the Republic of Venezuela for purposes of post-judgment attachment has no bearing on the fundamental non-viability of Crystallex's DUFTA claim against RTSA.  After all, Crystallex has never alleged that *PDVH* (the alleged transferor) is the alter ego of PDVSA or Venezuela, despite having years to investigate and plead such allegations, nor has it tied the fraudulent transfer alleged against RTSA in this case to any "claim" other than the failed claims in *Crystallex I*.  Both *Crystallex I* and *Crystallex II* should be dismissed with prejudice.

All of that being said, RTSA is not opposed to a continued stay of proceedings in *Crystallex II* pending the proposed sale of PDVH, as the Court suggested in its December 12, 2019 order (D.I.

The Honorable Leonard P. Stark
June 1, 2020
Page 3

75 at 12–13). RTSA also advises the Court that RTSA has divested itself of the commercial obligations secured by the PDVH pledge.

*   *   *

Counsel are available if the Court has any questions.

                                                    Respectfully submitted,

                                                    */s/ Travis S. Hunter*

                                                    Travis S. Hunter (#5350)

cc:  All Counsel of Record (via ECF)