

Travis S. Hunter
302-651-7564
hunter@rlf.com

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the
 District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:  *Crystallex International Corp. v. Petróleos de Venezuela, S.A. et al.*, No. 15-1082-LPS; *Crystallex International Corp. v. PDV Holding, Inc., et al.*, No. 16-1007-LPS

Dear Chief Judge Stark:

I write with the consent of all parties in accordance with the Court's order of January 29, 2020 requiring the parties submit a joint status report in *Crystallex International Corp. v. Petróleos de Venezuela, S.A., et al.*, C.A. No. 15-1082-LPS ("*Crystallex I*") and *Crystallex International Corp. v. PDV Holding, Inc., et al.*, C.A. No. 16-1007-LPS ("*Crystallex II*") (together, the "*Related Cases*"). *Crystallex I* D.I. 126, *Crystallex II* D.I. 79. The parties in the *Related Cases* have conferred and set forth below a brief status report, followed by their respective positions on next steps in these actions.

**Crystallex's Position:**

On November 30, 2018, the Court stayed the *Related Cases* until such time as the Court lifts the stay in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-00151-LPS ("*Crystallex Asset Proceeding*"), or until the Court "enters some other order lifting the stay in one or more of the *Related Cases*." *Crystallex I* D.I. 114, *Crystallex II* D.I. 68. On December 12, 2019, this Court issued an order extending the stay "until completion of the Supreme Court proceedings in the *Crystallex Asset Proceeding* or further order of this or any other Court lifting the stay." *Crystallex I* D.I. 120, *Crystallex II* D.I. 75.

On May 18, 2020, the United States Supreme Court denied the petition for certiorari filed by Venezuela and PDVSA seeking review of the Third Circuit's July 29, 2019 decision affirming this Court's August 9, 2018 order granting the Writ of Attachment *Fieri Facias*. On January 14, 2021, this Court issued an order granting in part Crystallex's motion to determine the process for the sale of PDVSA's shares in PDVH to satisfy Crystallex's judgment and denying Venezuela's and PDVSA's motions to quash the writ of attachment and to modify or amend the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *Crystallex Asset Proceeding* D.I. 235.

The Honorable Leonard P. Stark
February 3, 2021
Page 2

As this Court has previously recognized, the continued prosecution of these actions may be rendered unnecessary if Crystallex prevails in enforcing its judgment through the *Crystallex Asset Proceeding*. *E.g.*, *Crystallex I* D.I. 120 at 12, *Crystallex II* D.I. 75 at 12 (noting that this Court "does not see any need to evaluate the futility of any proposed amendment at this time, particularly as *Crystallex I* and *Crystallex II* may become moot depending on what occurs in the Crystallex Asset Proceeding"); *Crystallex I*, D.I. 109; *Crystallex II*, D.I. 62. While Crystallex remains prepared to amend its complaint in *Crystallex I* in accordance with the Third Circuit's guidance and to continue to prosecute *Crystallex II* at the appropriate time, those efforts may be unnecessary if, as hoped and expected, Crystallex's judgment is satisfied through the sale of shares of PDVH that have been attached as a result of the *Crystallex Asset Proceeding*. In the interest of judicial economy, Crystallex respectfully submits that the Court should continue to stay *Crystallex I* and *Crystallex II* pending resolution of the *Crystallex Asset Proceeding*.

**PDVSA's Position:**

Without prejudice to any of its rights or defenses, PDVSA agrees with Crystallex that the Court should continue to stay *Crystallex I* and *Crystallex II* pending resolution of the *Crystallex Asset Proceeding*.

**PDV Holding, Inc.'s Position:**

Without waiving any rights, PDV Holding, Inc. agrees that in the interest of judicial economy, the Court should continue to stay *Crystallex I* and *Crystallex II* pending resolution of the *Crystallex Asset Proceeding*.

**RTSA's Position:**

RTSA reiterates its position from the Joint Status Report filed on June 1, 2020 (D.I. 78 at 2—3) that the Third Circuit's January 2018 decision reversing this Court's order denying PDVH's motion to dismiss in *Crystallex I* (the "Crystallex DUFTA Appeal") warrants immediate dismissal of *Crystallex II* with prejudice as to RTSA as well as immediate dismissal of *Crystallex I*. The Third Circuit held in the Crystallex DUFTA Appeal that Crystallex's "non-debtor transferor" theory of liability under DUFTA fails as a matter of law, and RTSA respectfully maintains that this legal deficiency cannot be cured by amendment. The law of the Crystallex DUFTA Appeal is clear—a transfer is actionable under DUFTA only if it is made by the debtor itself—and this Court's finding that PDVSA is the alter ego of the Republic of Venezuela for purposes of post-judgment attachment has no bearing on the fundamental non-viability of Crystallex's DUFTA claim against RTSA. After all, Crystallex has never alleged that PDVH (the alleged transferor) is the alter ego of PDVSA or Venezuela, despite having years to investigate and plead such allegations, nor has it tied the fraudulent transfer alleged against RTSA in this case to any "claim" other than the failed claims in *Crystallex I*. Both *Crystallex I* and *Crystallex II* should be dismissed with prejudice.

The Honorable Leonard P. Stark
February 3, 2021
Page 3

All of that being said, RTSA is not opposed to a continued stay of proceedings in *Crystallex I* and *Crystallex II* pending the proposed sale of PDVH. RTSA also reiterates, consistent with its position in previous Joint Status Reports, that it has divested itself of the commercial obligations secured by the PDVH pledge.

**GLAS Americas LLC's Position**:

The first amended complaint and the proposed second amended complaint in *Crystallex II* name GLAS Americas LLC as a defendant in its capacity as the Collateral Agent under the documents governing PDVSA's senior secured notes due 2020. The Court has previously entered stays in *Crystallex II*. For that and other reasons, the Collateral Agent has not yet filed a response to either of those complaints. For the same reasons, the Collateral Agent has not yet filed any other court papers in *Crystallex II* and has not submitted statements of position for inclusion in prior joint status reports.

In light of renewed activity in the actions involving PDVSA that are pending before this Court, the Collateral Agent is in the process of retaining counsel for *Crystallex II*. Counsel became aware of the Court's order directing submission of a joint status report two days ago. Arrangements for the retention of counsel are not yet complete, and counsel has not yet had a full opportunity to consult with representatives of the underlying senior secured notes concerning the current status of *Crystallex II*. The Collateral Agent therefore respectfully requests a brief additional period of time within which to inform the Court of its views concerning whether and how *Crystallex II* should proceed. The Collateral Agent expects to be in a position to provide that information to the Court in writing through its counsel not later than February 10, 2021.

*   *   *

Counsel are available if the Court has any questions.

        Respectfully submitted,

        */s/ Travis S. Hunter*

        Travis S. Hunter (#5350)

cc: All Counsel of Record (via ECF)